60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Roosevelt FERRIS, Defendant-Appellant.
 No. 94-5783.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1995.
Decided: July 6, 1995.
 
 ARGUED: Shanon Stephanie Echols, Charlottesville, VA, for Appellant. Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Alexander Boone, 3rd Year Law Intern, Roanoke, VA, for Appellee.
 Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frank Roosevelt Ferris appeals from his conviction for a controlled substance violation. Finding no reversible error, we affirm.
 
 
 2
 On March 9, 1994, a one-count indictment was returned against Ferris in the Western District of Virginia. The indictment charged Ferris with possessing with intent to distribute cocaine base. At the jury trial, evidence was presented that Ferris sold a small quantity of cocaine base to an undercover police officer. The officer testified that Ferris cut the cocaine base from a larger rock of cocaine base that was wrapped in a red gum wrapper and gave it to the officer in exchange for a twenty dollar bill. The officer further testified that Ferris tore a scrap of paper from a note that he had in his pocket and gave it to the officer to wrap the small quantity of cocaine base.
 
 
 3
 Police officers arrested Ferris later that evening and conducted a pat-down search of his clothing, recovering a razor blade, a torn piece of paper that appeared to match the scrap of paper given to the undercover officer, and the twenty dollar bill, the serial number of which had earlier been recorded by the officers. Acting on a tip from an informant on the scene, the officers also recovered a large rock of cocaine base wrapped in a red gum wrapper near a dumpster in the vicinity where Ferris had been arrested.
 
 
 4
 Ferris was convicted and sentenced to five years imprisonment, to be followed by four years of supervised release. This appeal followed.
 
 
 5
 The sole issue on appeal is the propriety of the district court's admission of testimony relating to the informant's tip. On direct examination, one of the police officers was asked how she discovered the large rock of cocaine base that was located in the vicinity where Ferris had been arrested. Specifically, the officer was asked whether she "[had] an occasion to have [her] attention drawn to something on the ground?" The officer responded, over defense counsel's objection, that "[a] person that has given me reliable information in the past was in the area, came up to me and said .... the man that our officers were placing under arrest had dropped something over at the area near a dumpster next to the Three Star Market .... [and] told me it was in a red gum wrapper." Before admitting the testimony the court instructed the jury as follows:
 
 
 6
 There is an exception to the hearsay rule. That exception says that you may admit hearsay not to prove the truth of the statement made, but to show a reason for a particular witness taking certain actions. In other words, it is intended to explain why the witness did certain things. But I caution you that the statement itself is not offered to prove the truth of what the statement is.
 
 
 7
 Ferris contends that the officer's testimony as to the informant's statement constituted inadmissible hearsay or at least was unduly prejudicial and that the district court's admission of this evidence was reversible error. Even if the statement was improperly offered to prove the truth of the matter asserted or was unduly prejudicial notwithstanding the court's limiting instruction, any error in this regard was harmless in light of the other evidence presented at trial of Ferris' guilt. The undercover officer identified Ferris as the individual who cut and sold her a small quantity of cocaine base from a larger rock of cocaine base that was wrapped in a red gum wrapper. A large rock of cocaine base of approximately the same purity, also wrapped in a red gum wrapper, was found in the vicinity where Ferris was later arrested. When officers searched Ferris they recovered from his clothing a razor blade, a torn piece of paper that appeared to match the scrap of paper given to the undercover officer, and the twenty dollar bill that had been exchanged in the transaction. In addition, the officer testified that Ferris told her that "he sells a little on the side to make some extra money." In light of this evidence, any error in admitting the informant's statement was clearly harmless. Fed.R.Crim.P. 52(a); United States v. Williams, 41 F.3d 192, 199-200 (4th Cir.1994) ("In the realm of non-constitutional error, the appropriate test of harmlessness ... is whether we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." (citation omitted)), cert. denied, --- U.S. ----, 115 S.Ct. 1442 (1995).
 
 AFFIRMED